UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELSON ENRIQUE RAUDALES LEIVA,<br><br>       Petitioner,<br><br>      v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>      Respondents. | Case No. 5:26-cv-03262-MCS-E<br><br>**ORDER GRANTING PETITION (ECF NO. 1)** |

Petitioner Nelson Enrique Raudales Leiva (A# 220-848-549) brings this action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioner contends, inter alia, that his March 24, 2026, arrest and re-detention violated his due process rights. (*Id.* ¶¶ 44–53.) Petitioner seeks immediate release from detention on the conditions of supervision existing prior to the March 24, 2026, re-detention and an injunction against any further re-detention absent prior notice and a pre-deprivation bond hearing. (*Id.*, Prayer for Relief.) Respondents filed an answer to the petition simply stating that they "are not presenting an opposition argument at this time." (Answer 2, ECF No. 5.) Petitioner replied, asking the Court to deem the merits of the petition conceded. (Reply, ECF No. 7.)

1

Based on the factual allegations in the petition, as well as Respondents' decision not to dispute the allegations or relief sought, the Court finds that Petitioner's March 24, 2026, arrest and re-detention violated Petitioner's due process rights. Based on the facts and nature of the violation, an order of immediate release is appropriate.

In addition to release from custody and relief attendant thereto, Petitioner prays for an order restraining Respondents from "re-arresting and re-detaining Petitioner" absent certain process. (Pet., Prayer for Relief ¶ 5.) But the facts and law presented in the petition pertain to Petitioner's claims that Respondents wrongfully detained him; they have no bearing on Respondents' handling of Petitioner *after* his release from present custody. (*See* Pet. ¶¶ 44–53.) The Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner is released. *See, e.g.*, *Baca Garcia v. Warden*, No. 2:26-cv-00998-CAS-JDE, 2026 U.S. Dist. LEXIS 35758, at *6–7 (C.D. Cal. Feb. 20, 2026) ("[T]he fact that Petitioner is subject to re-arrest and re-detention that may violate due process or statutory authority is too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing. Petitioner does not demonstrate that his re-detention is more than speculative, and the Court cannot adjudicate a hypothetical future injury without a factual record." (citation omitted)); *Mora Gutierrez v. Noem*, No. 26-cv-112-RSH-JLB, 2026 U.S. Dist. LEXIS 9272, at *4–5 (S.D. Cal. Jan. 16, 2026) (declining to issue "a permanent injunction regulating the terms under which Petitioner may be detained in the future" because such an injunction would "exceed[] the scope of relief available to Petitioner on his habeas petition").

IT IS THEREFORE ORDERED that

1. The petition is GRANTED.

2. Respondents must immediately release Petitioner Nelson Enrique Raudales Leiva (A# 220-848-549) from custody on the same conditions of supervision existing prior to Petitioner's March 24, 2026, re-detention.

DATED: June 26, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

CC: Adelanto Detention Center via Email

3